UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elizabeth Goff,<br><br>        Plaintiff,<br><br>vs.<br><br>Equifax Information Services, LLC, Experian Information Solution, LLC, Trans Union, LLC, and Nationstar Mortgage LLC d/b/a Mr. Cooper,<br><br>        Defendants. | CIVIL FILE NO.: _____<br><br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act), and 15 U.S.C. § 1666 (Federal Fair Credit Billing Act).

**JURISDICTION**

2. The jurisdiction of this court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

3. Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## **PARTIES**

4. Plaintiff Elizabeth Goff (hereinafter "Plaintiff") is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Upon information and belief, Defendant Equifax Information Services, LLC, (hereinafter "Equifax" or "Defendants") is a corporation incorporated under the laws of the State of Georgia authorized to do business in the State of Minnesota through its registered offices at 2345 Rice Street, Suite 230, Roseville, Minnesota, 55113.

6. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

8. Upon information and belief, Defendant Trans Union, LLC, (hereinafter "Trans Union" or "Defendants") is a corporation incorporated under the laws of the State of Minnesota authorized to do business in the State of Minnesota through its registered office at 2345 Rice Street #230, Roseville, MN 55113

9. Upon information and belief, Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Trans Union is

regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

10. Upon information and belief, Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

11. Upon information and belief, Defendant Experian Information Solution, LLC, (Hereinafter "Experian" or "Defendants") is a corporation incorporated under the laws of the State of Minnesota authorized to do business in the State of Minnesota through its registered Office at CT CORP 1010 Dale Street North, St. Paul, MN 55117.

12. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

13. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

14. Upon information and belief, Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper (Hereinafter "Nationstar" or "Defendants"), is a national mortgage lender, authorized to do business in the State of Minnesota as a consumer mortgage lender, and is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2 (please note that MorEquity is a subservicer of residential mortgage loans for Defendant NationStar).

3

## **FACTUAL ALLEGATIONS: COUNT I EQUIFAX**

15. Plaintiff maintained a continuous and conscious effort to review her credit reports after her Bankruptcy was discharged in 2008. (*See* Exhibit 1, Bankruptcy Discharge; Exhibit 2, Equifax September 5, 2014 Credit Report; Exhibit 3, Three Bureau October 28, 2015 Credit Report; and Exhibit 4, Three Bureau December 4, 2015 Credit Report).

16. Sometime in April of 2016, Plaintiff received her credit report from Defendant Equifax, showing a "Nationstar" tradeline, which was incorrectly reporting, (hereinafter "Nationstar reporting line") and Equifax was also reporting Plaintiff's bankruptcy from 2008 (hereinafter the "bankruptcy reporting line").

17. Within the 2016 Equifax credit report, Equifax reported that the bankruptcy reporting line had a discharge date of May 21, 2008. (*See* Exhibit 5, Three Bureau April 13, 2016 Credit Report at 5).

18. Plaintiff had filed for bankruptcy and was granted a discharge in 2008. The statute of limitations for Bankruptcies is 7 years, and therefore, Equifax reporting the bankruptcy representation is inaccurate.

19. Within the 2016 Equifax credit report, Equifax reported the Nationstar reporting line as "120 Days or More Past Due," Open, and reporting an inaccurate pay history. (*See* Exhibit 5, Three Bureau April 13, 2016 Credit Report at 25).

20. In June 2016, Plaintiff disputed her Equifax credit report and requested an investigation into the accuracy of the Nationstar reporting line and the bankruptcy reporting line. (*See* Exhibit 6, Equifax June Dispute Letter).

4

21. On or about July 19, 2016, Plaintiff's Equifax credit report was updated by Equifax and Nationstar, but Equifax and Nationstar incorrectly updated and maintained the bankruptcy reporting line and Nationstar reporting line on Plaintiff's Credit Report. (*See* Exhibit 7, Equifax Response).

22. The Nationstar representation was false because Plaintiff's mortgage was included in her 2008 bankruptcy and Plaintiff did not reaffirm this debt, the Nationstar line item should not have been reporting.

23. Sometime in 2017, based upon information and belief, Plaintiff again disputed the Nationstar reporting line and Bankruptcy reporting line with Equifax, provided new information and requested an investigation of the issues and/or the inaccurate reporting.

24. Equifax again responded and updated Plaintiff's credit report but continued to incorrectly report the Nationstar reporting line as being 120 days past due and reporting an incorrect pay history. Additionally, updating the bankruptcy reporting line still on her credit report.

25. Plaintiff has been denied credit because of Equifax's inaccurate reporting of the Nationstar reporting line and Bankruptcy reporting line.

26. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify both the bankruptcy reporting line and Nationstar reporting line.

27. In the alternative to the allegation that Equifax failed to contact the St. Paul Bankruptcy court and/or Nationstar, it is alleged that Equifax did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

## FACTUAL ALLEGATIONS: COUNT II TRANS UNION

28. Plaintiff maintained a continuous and conscious effort to review her credit reports after her Bankruptcy was discharged in 2008. (*See* Exhibit 1, Bankruptcy Discharge; Exhibit 2, Equifax September 5, 2014 Credit Report; Exhibit 3, Three Bureau October 28, 2015 Credit Report; and Exhibit 4, Three Bureau December 4, 2015 Credit Report).

29. Sometime in April of 2016, Plaintiff received her credit report from Defendant Equifax, showing a "Nationstar" tradeline, which was incorrectly reporting, (hereinafter "Nationstar reporting line") and Equifax was also reporting Plaintiff's bankruptcy from 2008 (hereinafter the "bankruptcy reporting line").

30. Within the 2016 Trans Union credit report, Trans Union reported that the bankruptcy reporting line had a discharge date of February 15, 2008. (*See* Exhibit 5, Three Bureau April 13, 2016 Credit Report at 5).

31. Plaintiff had filed for bankruptcy and was granted a discharge in 2008. The statute of limitations for Bankruptcies is 7 years, and therefore, Trans Union reporting the bankruptcy representation is inaccurate. (*See* Exhibit 1, Bankruptcy Discharge).

32. Within the 2016 Trans Union credit report, Trans Union reported the Nationstar reporting line as closed, last activity in 2011 and reporting an inaccurate pay history. (*See* Exhibit 5, Three Bureau April 13, 2016 Credit Report at 25).

33. In June of 2016, Plaintiff disputed her Trans Union credit report and requested an investigation into the accuracy of the Nationstar reporting line and the bankruptcy reporting line. (*See* Exhibit 8, Trans Union Dispute Letter).

34. On or about July 18, 2016, Plaintiff's Trans Union credit report was updated by Trans Union and Nationstar, but Trans Union and Nationstar incorrectly updated and maintained them on Plaintiff's Credit Report. (*See* Exhibit 9, Trans Union Response).

35. The Nationstar representation was false because Plaintiff's mortgage was included in her 2008 bankruptcy, Plaintiff did not reaffirm this debt, the account was not 120 past due, and the Nationstar line item should not have been reporting as such. (*See id.*)

36. Sometime in 2017, Plaintiff again disputed the Nationstar reporting line and Bankruptcy reporting line with Trans Union, provided new information and requested an investigation of the issues and/or the inaccurate reporting.

37. Trans Union again responded and updated Plaintiff's credit report but continued to incorrectly report the Nationstar reporting line as being 120 late and or past due and reporting an incorrect pay history. Additionally, updating the bankruptcy reporting line still on her credit report.

38. Plaintiff has been denied credit because of Trans Union's inaccurate reporting of the Nationstar reporting line and Bankruptcy reporting line.

39. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify both the bankruptcy and Nationstar reporting lines.

40. In the alternative to the allegation that Trans Union failed to contact the St. Paul Bankruptcy court and/or Nationstar, it is alleged that Trans Union did forward some notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

## FACTUAL ALLEGATIONS: COUNT III EXPERIAN

41. Plaintiff maintained a continuous and conscious effort to review her credit reports after her Bankruptcy was discharged in 2008. (*See* Exhibit 1, Bankruptcy Discharge; Exhibit 2, Equifax September 5, 2014 Credit Report; Exhibit 3, Three Bureau October 28, 2015 Credit Report; and Exhibit 4, Three Bureau December 4, 2015 Credit Report).

42. Sometime in April of 2016, Plaintiff received her credit report from Defendant Experian, showing a "MorEquity" tradeline, which was incorrectly reporting, (hereinafter "MorEquity reporting line") and Equifax was also reporting Plaintiff's bankruptcy from 2008 (hereinafter the "bankruptcy reporting line") (please note that MorEquity is a subservicer of residential mortgage loans for Defendant NationStar).

43. Within the 2016 Experian credit report, Experian reported that the bankruptcy reporting line had a discharge date of February 15, 2008. (*See* Exhibit 5, Three Bureau April 13, 2016 Credit Report at 5).

44. Plaintiff had filed for bankruptcy and was granted a discharge in 2008. The statute of limitations for Bankruptcies is 7 years, and therefore, Experian reporting the bankruptcy representation is inaccurate. (*See* Exhibit 1, Bankruptcy Discharge).

45. In June of 2016, Plaintiff disputed her Experian credit report and requested an investigation into the accuracy of the bankruptcy reporting line and MorEquity reporting line. (*See* Exhibit 10, Experian Dispute Letter).

46. On or about July 11, 2016, Plaintiff's Experian credit report was updated by Experian, but Experian incorrectly updated and maintained the bankruptcy reporting line on Plaintiff's Credit Report. (*See* Exhibit 11, Experian Response).

47. On or about July 11, 2016, Plaintiff's Experian credit report was updated by Experian and MorEquity (aka Nationstar), and Experian and Nationstar correctly updated and removed the MorEquity reporting line from Plaintiff's Credit Report. (*See id.*)

48. The MorEquity reporting was correctly removed because Plaintiff's mortgage was included in her 2008 bankruptcy, Plaintiff did not reaffirm this debt, the account was not 120 past due, and the MorEquity line item should not have been reporting as such. (*See id.*)

49. Sometime in 2017, Plaintiff again disputed the Bankruptcy reporting line with Experian, provided new information and requested an investigation of the issues and/or the inaccurate reporting.

50. Experian, in response, continued to report Plaintiff's 2008 bankruptcy.

51. Plaintiff has been denied credit because of Experian's inaccurate reporting of the MorEquity reporting line and Bankruptcy reporting line.

52. Upon the Plaintiff's request for verification and deletion, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the bankruptcy representation or reporting line.

53. In the alternative to the allegation that Experian failed to contact the St. Paul Bankruptcy court and/or Nationstar/MorEquity, it is alleged that Experian did forward some notice of the dispute to Nationstar/MorEquity, and Nationstar failed to conduct a lawful investigation.

## FACTUAL ALLEGATIONS: COUNT IV NATIONSTAR

54. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

55. Defendant Nationstar willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agency, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

56. As a result of said Defendant's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress.

57. Said Defendant's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages.

58. Plaintiff is entitled to recover costs and attorney's fees from Nationstar.

### FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

59. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

60. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

61. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

62. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C 1681o.

63. The plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

11

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

64. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

65. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Nationstar; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

66. As a result of this conduct, action and inaction of Equifax, the plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

67. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

68. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST TRANS UNION

69. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

70. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

71. As a result of this conduct, action and inaction of Trans Union, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

72. Trans Union's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C 1681o.

73. The plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST TRANS UNION

74. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

75. Trans Union violated 15 U.S.C. § 1681li on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to

13

forward all relevant information to Nationstar; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

76. As a result of this conduct, action and inaction of Nationstar, the plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

77. Trans Union's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

78. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

79. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

80. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

81. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit,

the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

82. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C 1681o.

83. The plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

84. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

85. Experian violated 15 U.S.C. § 1681li on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Nationstar/MorEquity; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

86. As a result of this conduct, action and inaction of Experian, the plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

87. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

88. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### FIRST CLAIM FROM RELIEF AGAINST NATIONSTAR

89. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

90. Nationstar published the Nationstar mortgage representations to Equifax, Trans Union, and Experian, and through Defendants to all of Plaintiff's potential lenders on multiple occasions.

91. The Defamation was willful and with malice. Nationstar did not have any reasonable basis to report the status and line items in Plaintiff's credit report. It also had substantial information, time, and opportunity to verify that the Plaintiff's credit report was reporting accurately. Further, even if Nationstar would attempt to plead ignorance prior to April of 2016, it had all the evidence and information with which to confirm and recognize the Plaintiff had no responsibility to repay the loan under the MorEquity and/or HAMP document.

92. As a result of this conduct, action and inaction of Nationstar, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and

the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

93. The Defamation, conduct and actions of Nationstar were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against Nationstar in an amount to be determined by the court.

## SECOND CLAIM FOR RELIEF AGAINST NATIONSTAR

94. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

95. Nationstar violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the Nationstar Mortgage representation within the Plaintiff's credit file with Defendants without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation; by failing to accurately respond to Defendants; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Nationstar Representations and bankruptcy representations to the consumer reporting agencies.

96. As a result of this conduct, action and inaction of Nationstar, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

97. Nationstar's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

### TRIAL BY JURY

84. Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7. Fed. R. Civ. Pro. 38.

WHEREFORE, Your Plaintiff demands judgment for compensatory and punitive damages against Defendants, jointly and severally; for his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the court does deem just, equitable and proper.

Dated: Oct. 30, 2017.

FIELDS LAW FIRM

By: _____
Blake R. Bauer
Attorney for Plaintiff
701 Washington Ave N, suite 300
Minneapolis, MN 55401
(612)-206-3476
Blake@FieldsLaw.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA  )
                    ) ss
COUNTY OF HENNEPIN  )

I, Elizabeth Goff, having first been duly sworn and upon oath, depose and say as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
Elizabeth Goff

Subscribed and sworn to before me this 31st day of October 2017.

_____
Notary Public



VARFEE B KANNEH
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES 01/31/2021